UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF JASON LEGGITT AS OWNER OF THE MALIBU MOTOR VESSEL HULL IDENTIFICATION NO. MB2S9035D616, BEING APPROX. 23 FT. IN LENGTH,<br><br>Leggitt in Limitation, | No. 26-cv-532 WBS CSK<br><br>IN ADMIRALTY<br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

Claimant Amber Westbrook moves to dismiss Petitioner Jason Leggitt's Complaint for Exoneration from or Limitation of Liability and to dissolve this court's injunction of the personal injury case pending in San Joaquin County Superior Court. (Docket No. 18.)

As the court understands Westbrook's argument, it is that because Leggitt has both pleaded and judicially admitted to his presence on and operation of the vessel at the time of the

incident his "privity or knowledge" is established as a matter of law and there is therefore no set of facts under which he will be able to limit his liability under the Limitation of Liability Act ("LOLA"). (Docket No. 18; see 46 U.S.C. § 30523(a).)

LOLA allows vessel owners to bring actions limiting their liability to the value of the vessel and pending freight. 46 U.S.C. § 30523(a). Under 46 U.S.C. § 30523(b), "claims, debts, and liabilities subject to limitation under subsection (a) are those arising from ... any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." (emphasis added).

For the following reasons, the court finds that Leggitt's pleadings and judicial admissions do not foreclose his LOLA claim. The court accordingly denies Westbrook's motion to dismiss.

Westbrook appears to contend that this is an "owner-at-the-helm" case such that Leggitt was always commanding the vessel, and so necessarily had "privity or knowledge" under LOLA. (See Docket No. 18 at 2); 46 U.S.C. § 30523(b). Westbrook draws upon a small number of cases to argue that this is a scenario "where it is otherwise impossible under any set of circumstances for the vessel owner to demonstrate the absence of privity or knowledge." Suzuki of Orange Park, Inc. v. Shubert, 86 F.3d 1060, 1064 (11th Cir. 1996) (describing Fecht v. Makowski, 406 F.2d 721, 722-23 (5th Cir. 1969)).

However, as the court understands the applicable caselaw, "privity and knowledge" under LOLA are not necessarily

established by an owner's mere presence on and operation of the vessel. 46 U.S.C. § 30523(b). Although the Ninth Circuit has not ruled on this question directly,[1] in Bensch v. Estate of Umar, the Second Circuit found that "it has long been held that '[p]rivity and knowledge is a term of art meaning complicity in the fault that caused the accident.'" 2 F.4th 70, 73 (2d Cir. 2021) (quoting Blackler v. F. Jacobus Transp. Co., 243 F.2d 733, 735 (2d Cir. 1957)). That court reasoned that an owner's "operating the vessel at the time of the injury does not defeat the limitation of liability action." (Id. at 73.)

The Second Circuit's interpretation finds support in other circuit court decisions. In Suzuki of Orange Park, Inc. v. Shubert, the Eleventh Circuit found that "privity or knowledge is measured against the specific negligent acts or unseaworthy conditions that actually caused or contributed to the accident." 86 F.3d 1060, 1064 (11th Cir. 1996) (emphasis added). In making this finding, the court rearticulated a prior Eleventh Circuit decision where it found the need for "factual development" beyond the pleadings when adjudicating LOLA claims concerning owner operation of a vessel:

> [I]n most circumstances negligence in operation will be sufficiently connected to the owner [operating his vessel] that he will be found to have privity or knowledge, but this common sense recognition of how the facts will usually work out is not an ineluctable

[1] In In re BOWFIN M/V, the Ninth Circuit provided in a brief opinion the general inquiry and sequence in a LOLA limitation claim. 339 F.3d 1137 (9th Cir. 2003).

> doctrine to be applied at the pleading stage, on conclusory and disputed allegations, as a substitute for the knowledge necessary to lead a court to rational decision.

(Id. at 1066-67) (quoting Petition of M/V Sunshine, II, 808 F.2d 762, 765 (11th Cir. 1987)) (emphasis added).

The First Circuit has taken a similar position in defining the relevant standard for "privity or knowledge" under LOLA. In Carr v. PMS Fishing Corp., which the Ninth Circuit cited in BOWFIN M/V, 339 F.3d at 1137, the First Circuit found that "privity or knowledge" "usually implies some degree of culpable participation or neglected duty on the shipowner's part: that, for example, it committed a negligent act . . . or through the exercise of reasonable diligence could have prevented the commission of the act." 191 F.3d 1, 4 (1st Cir. 1999) (collecting cases). Accordingly, the courts have held that "privity or knowledge" must be specifically anchored to alleged negligent act(s) or unseaworthy condition(s). See Bensch, 2 F.4th at 73.

District courts in this circuit have also drawn on these circuit court decisions when adjudicating LOLA claims. In In re Arntz, the district court found that an "owner's presence is not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent." 380 F. Supp. 2d at 1159 (citing Petition of M/V Sunshine II, 808 F.2d at 765, quoting Gilmore and Black, The Law of Admiralty, §§ 10-23 n. 93).

Here, Leggitt's alleged negligence in causing the

accident remains sharply contested between the parties. It would be premature for this court to dismiss Leggitt's complaint at the pleadings stage; additional factual development is required to determine whether Leggitt had "privity or knowledge" of negligent act(s) or unseaworthy condition(s). See Bensch, 2 F.4th at 73. Leggitt's presence on and sole operation of the vessel at the time of the incident will not bar his claim. See M/V Sunshine, II, 808 F.2d at 765. Indeed, in the same case cited by Westbrook to argue that Leggitt's claim is barred, the district court found that factual determinations of limitation are not "appropriate for a dismissal motion." See Complaint of Ingoglia, 723 F. Supp. 512, 515 (C.D. Cal. 1989).

It further appears that Leggitt's pleadings are facially plausible under Supplemental Admiralty Rule F(2) to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Supplemental Admiralty Rule F(2) requires Leggitt to establish facts upon "which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." Fed. R. Civ. P. Supp. F(2). Here, Leggitt has alleged specific acts describing his conduct during and following the incident. (See Docket No. 22 at 8.) Leggitt has not conceded fault in the incident. (Id.) Rather, Leggitt makes contrary factual allegations that the PWC operator's negligent conduct that caused the incident. (Id. at 2, 5.)

For the foregoing reasons, the court finds the allegations of the complaint to be sufficient to survive a motion to dismiss, whether considered under Federal Rule of Civil

Procedure 12(b)(6) or Supplemental Admiralty Rule F(2). Because Leggitt can proceed with his federal limitation action, Westbrook's motion seeking to dissolve this court's order (Docket No. 9), staying Case No. STK-CVUNPI-2025-0014813, pending in the San Joaquin County Superior Court, must also be denied. See In re Complaint of Ross Island Sand & Gravel, 226 F.3d 1015, 1017 (9th Cir. 2000) ("A district court, as a general rule, enjoys broad discretion to decide whether to dissolve an injunction under the Limitation of Liability Act").[2]

IT IS THEREFORE ORDERED that Westbrook's motion to dismiss (Docket No. 18) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Westbrook's motion to dissolve the injunction staying Case No. STK-CVUNPI-2025-0014813, pending in the San Joaquin County Superior Court (Docket No. 18), be and the same hereby is, DENIED.

---

[2] In denying Westbrook's motion to dissolve the court's injunction (Docket No. 18), the court notes that "the two exceptions to the district court's exclusive jurisdiction and the absence of a jury right in limitation actions" do not apply here. Newton v. Shipman, 718 F.2d 959, 962 (9th Cir. 1983).

First, as Westbrook acknowledges, her claims substantially exceed the amount in the limitation fund alleged in Leggitt's complaint, $110,000.00 (Docket No. 19 at 10). See Newton, 718 F.2d at 962 ("[I]f the limitation fund exceeds the value of all the claims. . . the district court must permit claimants to pursue their separate claims at law and to exercise their right to a jury").

Second, the court is not confronted with the "single claimant exception" as there are presently three active claimants against Leggitt (Docket No. 29 at 2). Complaint of Ross Island Sand & Gravel, 226 F.3d at 1017 ("[W]here a single claim is involved, 'the district court's decision is narrowly circumscribed' and the injunction must be dissolved unless the owner can show that his right to a limitation of liability will be prejudiced.") (quoting Newton, 718 F.2d at 961).

Dated: September 3, 2026

William B. Shubb

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE